IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00670-REB-MEH

MARK BURRIS, and
LORI BURRIS,

    Plaintiffs,

v.

US BANK NATIONAL ASSOSIATION [sic], as trustee for the BS Alta 2006-3,
GMAC BANK, and
JOHN AND JANE DOES, unknown owners of securitized note,

    Defendants.

---

## RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS

---

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before the Court is a Motion to Dismiss Plaintiffs' Complaint for Failure to Effect Service of Process filed by Defendants U.S. Bank National Association and GMAC Bank [filed August 18, 2010; docket #26]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation. The motion is briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons that follow, the Court RECOMMENDS that Defendants' motion be **denied**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and

**BACKGROUND**

Plaintiffs initiated this action on March 22, 2010, alleging generally that Defendants have been unable to produce the original mortgage note on their property and have attempted to foreclose on the property without having any legal interest in it. Docket #1 at 1. On May 28, 2010, Plaintiffs filed copies of return receipts for certified mail sent to various parties, including "GMAC," care of the "Corporation Service Co.," and "U.S. Bank N.A.," care of the "Corporation Co." Docket #16 at 3-4. On June 7, 2010, this Court held a Scheduling Conference in the case at which Plaintiffs appeared but no defendants appeared. Docket #17. The Court discussed the Plaintiffs' obligations and efforts to serve Defendants, among other issues, and reset the conference to a later date. *Id.* On July 12, 2010, the Court held a second Scheduling Conference at which the Plaintiffs appeared and counsel for Defendants attended without making a formal appearance. Docket # 23. The Court directed Plaintiffs to file proof of service on Defendants with the Clerk of the Court. *Id.*

On August 2, 2010, Plaintiff Mark Burris filed an "Affidavit of Service" attesting that service had been perfected by sending by certified mail a copy of the Summons and Complaint to GMAC, U.S. Bank and Castle, Meinhold & Stawarski. Docket #25. The attached receipts are all dated in March 2010. *Id.* Defendants filed the present motion to dismiss Plaintiffs' Complaint for improper service on August 18, 2010, and Plaintiffs filed a response five days later on August 23, 2010, attaching copies of waivers of service dated the same day. Dockets #26 and 28. Defendants filed no reply in support of their motion.

---

recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**LEGAL STANDARD**

I. **Dismissal under Fed. R. Civ. P. 12(b)(5)**

Rule 12(b)(5) allows a defendant to defend against a claim based upon insufficiency of service of process. *Whitsell v. United States,* 198 F.3d 260, *1 (10th Cir. Nov. 1, 1999) (unpublished) (citing Fed. R. Civ. P. 12(b)(5)). "A Rule 12(b)(5) motion is the proper vehicle for challenging" the sufficiency of the service of process, *i.e.,* "the mode of delivery or lack of delivery of the summons and complaint." *See* 5B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ. 3d* § 1353 (2008 Supp.). "In opposing a motion to dismiss for insufficient service of process, plaintiff bears the burden to make a *prima facie* case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over defendant." *Fisher v. Lynch,* 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008).

That is, a plaintiff must demonstrate that the procedure employed by him has satisfied the requirements of the relevant portions of Rule 4 of the Federal Rules of Civil Procedure. *Light v. Wolf,* 816 F.2d 746, 751 (D.C. Cir. 1987). Where a plaintiff does not meet this burden, a court may dismiss for failure to properly serve or it may quash the process without dismissing the action and give the plaintiff an opportunity to re-serve the defendant. *Pell v. Azar Nut Co., Inc.,* 711 F.2d 949, 950 n.2 (10th Cir. 1983) ("when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant").

II. **Treatment of a Pro Se Plaintiff's Complaint**

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory

on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). A *sua sponte* dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## **ANALYSIS**

Here, Defendants contend that Plaintiffs have failed to comply with the service requirements of Fed. R. Civ. P. 4(h) by repeatedly delivering the Summons and Complaint to their registered agents by certified mail. Defendants assert that, under Colorado law, personal service upon the registered agent of a corporation is required; if a registered agent cannot "with reasonable diligence" be served, then a plaintiff may serve the entity by registered or certified mail.

Rule 4(h) of the Federal Rules of Civil Procedure states that a corporation must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized

4

by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant." Rule 4(e)(1) provides that an individual may be served by following state law for serving a summons in courts of general jurisdiction in the state where the court is located or where service is made.

>Colorado law provides for service:
>
>(4) Upon any form of corporation, partnership, association, cooperative, limited liability company, limited partnership association, trust, organization, or other form of entity that is recognized under the laws of this state or of any other jurisdiction, (including any such organization, association or entity serving as an agent for service of process for itself or for another entity) by *delivering a copy thereof to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of this state* or any other jurisdiction, or one of the following:
>
>(A) An officer of any form of entity having officers;
>
>(B) A general partner of any form of partnership;
>
>(C) A manager of a limited liability company or limited partnership association in which management is vested in managers rather than members;
>
>(D) A member of a limited liability company or limited partnership association in which management is vested in the members or in which management is vested in managers and there are no managers;
>
>(E) A trustee of a trust;
>
>(F) The functional equivalent of any person described in paragraphs (A) through (E) of this subsection (4), regardless of such person's title, under:
>
>(I) the articles of incorporation, articles of organization, certificate of limited partnership, articles of association, statement of registration, or other document of similar import duly filed or recorded by which the entity or any or all of its owners obtains status as an entity or the attribute of limited liability, or
>
>(II) the law pursuant to which the entity is formed or which governs the operation of

the entity;

(G) If no person listed in subsection (4) of this rule can be found in this state, upon any person serving as a shareholder, member, partner, or other person having an ownership or similar interest in, or any director, agent, or principal employee of such entity, who can be found in this state, or service as otherwise provided by law.

Colo. R. Civ. P. 4(e)(4) (emphasis added); *see also Isis Litig., L.L.C. v. Svensk Filmindustri,* 170 P.3d 742, 748 (Colo. App. 2007) (Rule 4(e)(4) "expressly permits personal service upon a registered agent for service of process.") (citations omitted).

In Colorado, a registered agent may be served in the same manner as a "natural person" under Colo. R. Civ. P. 4. *Goodman Assocs., LLC v. WP Mountain Properties, LLC*, 222 P.3d 310, 316 (Colo. 2010). Thus, Rule 4(e)(1) permits service upon a registered agent, as a natural person, "at the person's usual workplace, with the person's secretary, administrative assistant, bookkeeper, or managing agent." *Id.* (quoting Colo. R. Civ. P. 4(e)(1)).

Here, the Court agrees with Defendants that service was not effected upon them by delivery of the Summons and Complaint by certified mail to their registered agents. Rather, under Colorado law, the Plaintiffs are required to serve Defendants by personally delivering the Summons and Complaint to the registered agents at "the person's usual workplace, with the person's secretary, administrative assistant, bookkeeper, or managing agent." However, this does not mean that Plaintiff's Complaint necessarily should be dismissed.

Plaintiffs counter the motion to dismiss accepting responsibility for failing to effect proper service upon Defendants, citing their lack of understanding of the proper "procedures" as plaintiffs proceeding *pro se*. Appended to their response, Plaintiffs attach copies of a "Notice of a Lawsuit and Request to Waive Service of a Summons" addressed to The Corporation Company and dated August 23, 2010. Essentially, the Plaintiffs appear to have served the Summons and Complaint

6

pursuant to Rule 4(d) regarding waiver of service upon the Defendants in this case and seek permission ("leniency") to do so. Docket #28 at 2.

The Defendants did not file a reply to the Plaintiffs' response; thus, the Court can only assume the Plaintiffs properly served notices upon Defendants pursuant to Rule 4(d) on August 23, 2010. While the Defendants argue in the present motion that Plaintiffs have failed to comply with Rule 4(m) by serving Defendants outside the 120-day time limit, the Court determines that Plaintiffs have demonstrated good-faith repeated efforts to effect proper service and, thus, finds good cause for a 34-day extension of time to August 23, 2010. Fed. R. Civ. P. 4(m). Consequently, the Court finds the circumstances of this case prompt the Court to recommend quashing the original service and permitting the Plaintiffs to re-serve the Defendants pursuant to Rule 4(d). *See Pell,* 711 F.2d at 950 n.2.

## **CONCLUSION**

Here, the Court finds that, in the interests of justice and efficiency, circumstances dictate that Plaintiffs' original service upon Defendants be quashed and the Plaintiffs be allowed to serve the Defendants properly pursuant to Fed. R. Civ. P. 4(d). Accordingly, the Court RECOMMENDS that the District Court **deny** the Motion to Dismiss Plaintiffs' Complaint for Failure to Effect Service of Process filed by Defendants U.S. Bank National Association and GMAC Bank [filed August 18, 2010; docket #26] as set forth herein.

Respectfully submitted at Denver, Colorado, this 29th day of September, 2010.

       BY THE COURT:

       *Michael E. Hegarty*

       Michael E. Hegarty
       United States Magistrate Judge