IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00670-REB-MEH

MARK BURRIS, and
LORI BURRIS,

      Plaintiffs,

v.

US BANK NATIONAL ASSOSIATION [sic], as trustee for the BS Alta 2006-3,
GMAC BANK, and
JOHN AND JANE DOES, unknown owners of securitized note,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on February 14, 2011.**

      Plaintiffs' Motion for Ex-Parte Order and Order to Show Cause [filed February 9, 2011; docket #30], construed as a request to proceed with a scheduling (case management) conference in this case, is **granted in part and denied without prejudice in part**.

      It is hereby ORDERED that a Fed. R. Civ. P. 16(b) Scheduling Conference shall be held on **March 9, 2011**, at **9:30 a.m.** in Courtroom A501 on the fifth floor of the Byron G. Rogers United States Courthouse located at 901 19th Street, Denver, Colorado. If this date is not convenient, the parties should confer and contact my Chambers to obtain an alternate date. Absent exceptional circumstances, no request for rescheduling will be entertained unless made **five business days prior** to the date of the conference.

      The plaintiff shall notify all parties who have not entered an appearance of the date and time of the Scheduling Conference.

      Lawyers whose offices are located outside of the Denver metropolitan area may appear at scheduling conferences by telephone, if the appropriate proposed order has been submitted to Chambers in a useable format by the appropriate deadline. Please contact Chambers at (303) 844-4507 to arrange appearance by telephone.

      It is further ORDERED that counsel for the parties in this case are to hold a pre-scheduling conference meeting and jointly prepare a proposed Scheduling Order in accordance with Fed. R. Civ. P. 26(f) on or before **February 23, 2011**. Pursuant to Fed. R. Civ. P. 26(d), no discovery shall be submitted until after the pre-scheduling conference meeting, unless otherwise ordered or directed by the Court.

The parties shall file the proposed Scheduling Order with the Clerk's Office, and in accordance with District of Colorado Electronic Case Filing ("ECF") Procedures V.L., **no later than five (5) business days** prior to the scheduling conference.  **The proposed Scheduling Order is also to be submitted in a useable format (i.e., Word or WordPerfect only) by email to Magistrate Judge Hegarty at** *Hegarty_Chambers@cod.uscourts.gov***.**

Parties not participating in ECF shall file their proposed Scheduling Order on paper with the clerk's office.  However, if any party in this case is participating in ECF, it is the responsibility of that party to file the proposed scheduling order pursuant to the District of Colorado ECF Procedures.

**The parties shall prepare the proposed Scheduling Order in accordance with the form which may be downloaded in richtext format from the Standardized Order Forms section of the Court's website, found at http://www.co.uscourts.gov/forms_frame.htm.**  All Scheduling Conferences held before a Magistrate Judge utilize the same scheduling order format, regardless of the District Judge assigned to the case.

Any out-of-state counsel shall comply with D.C. Colo. LCivR 83.3C prior to the Scheduling Conference.

The parties are further advised that they shall not assume that the Court will grant the relief requested in any motion.  Failure to appear at a Court-ordered conference or to comply with a Court-ordered deadline which has not be vacated by Court order may result in the imposition of sanctions.

Finally, the parties or counsel attending the Conference should be prepared to informally discuss settlement of the case.  There is no requirement to submit confidential settlement documents/letters to the Court beforehand or to have parties present who shall have full authority to negotiate all terms and demands presented by the case.

Please remember that anyone seeking entry into the Alfred A. Arraj United States Courthouse will be required to show a valid photo identification.  *See* D.C. Colo. LCivR 83.2B.

To the extent that Plaintiffs' motion may be construed as seeking relief in the form of a "temporary injunction" in this case, their request is **denied without prejudice** for failure to comply with Fed. R. Civ. P. 65 and D.C. Colo. LCivR 65.1.