IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00670-REB-MEH

MARK BURRIS, and
LORI BURRIS,

      Plaintiffs,

v.

US BANK NATIONAL ASSOSIATION [sic], as trustee for the BS Alta 2006-3,
GMAC BANK, and
JOHN AND JANE DOES, unknown owners of securitized note,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on March 9, 2012**.

      Plaintiffs' Motion for an order allowing certain witnesses to testify at trial by telephone [filed March 7, 2012; docket #68] is **denied without prejudice** for failure to comply with D.C. Colo. LCivR 7.1A, which states,

> The court will not consider *any motion*, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

(emphasis added). The Court reminds the parties of their continuing obligations to comply fully with D.C. Colo. LCivR 7.1A. *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003) (because Rule 7.1A requires meaningful negotiations by the parties, the rule is not satisfied by one party sending the other party a single email, letter or voicemail).